# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.          **CRIMINAL COMPLAINT**

BRIAN DRAKE      CASE NUMBER: 09-1885 JKB

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

### Count I

On May 27, 2009, in the District of Maryland, BRIAN DRAKE did knowingly, intentionally, and unlawfully possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__.

### Count II

On May 27, 2009, in the District of Maryland, BRIAN DRAKE did possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, a violation of 21 U.S.C. § 841, as set forth in Count One of this Complaint.

in violation of Title __18__ United States Code, Section(s) __924(c)__.

### Count III

On May 27, 2009, in the District of Maryland, BRIAN DRAKE, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, to wit: one Smith & Wesson 38 Caliber handgun; in and affecting commerce.

in violation of Title __18__ United States Code, Section(s) __922(g)__.

I further state that I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516, and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:   ☑ Yes   ☐ No

_____
Detective Ernest Moore
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

5/28/09 12:31 P.M.   at Baltimore, Maryland
Date and Time Issued

_____
James K. Bredar
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

1. Your Affiant, Ernest Moore, is an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

2. I am a Detective with the Baltimore County Police Department, and have been so employed for approximately twenty-one (21) years. I have successfully completed courses and seminars dealing with the investigation of various types of illicit drugs. I have been deputized by the Drug Enforcement Administration (DEA) to assist in the investigation of violations of the federal drug trafficking laws.

3. Your Affiant further deposes and states:

   A. All information contained in this affidavit from whatever source derived either is personally known to your Affiant or has been related to your Affiant by other members of the Drug Enforcement Administration.

   B. Your Affiant states that there is probable cause to believe the following: (1) that on or about May 27, 2009, James Wellman ("Wellman"), Brandon Boyer ("Boyer"), and Jackie Moore ("Moore") did conspire to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846; (2) that on or about May 27, 2009, Boyer, Moore, and Brian Drake ("Drake") did possess with intent to distribute 500 grams or more of a mixture or

1

substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841; (3) that on or about May 27, 2009, Boyer and Drake did possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); (4) that on or about May 27, 2009, Drake, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did possess a firearm, in and affecting commerce, in violation of 18 U.S.C. § 922(g)(1); and (5) that on or about May 12, 2009, Wellman did distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

## INVESTIGATION

4. On May 12, 2009, a Baltimore County Police Detective, acting in an undercover capacity, met with Wellman at a location in Baltimore County. At that time, the undercover detective gave Wellman an amount of U.S. currency and Wellman, in turn, provided the detective with (1) an amount of white rock-like substance which was field tested as 56 grams cocaine base, a Schedule II controlled substance and (2) an amount of white powder which was field tested as 55 grams cocaine, a Schedule II controlled substance.

5. Prior to May 27, 2009, agents had obtained a court authorized wiretap on the telephones utilized by Wellman and Boyer. On May 26, 2009, agents intercepted conversations in which Wellman called Boyer and requested that Boyer provide Wellman with 22 and one half ounces (630 grams) of powder cocaine. Thereafter, Boyer sent a text message to Moore and requested that Moore provide Boyer with 22 and one half ounces of cocaine. On May 27, 2009, Boyer and Moore spoke on the telephone and agreed to meet at Boyer's residence at 4226 Berger Avenue, Baltimore, Maryland 21206. Boyer also called Wellman and advised Wellman to meet Boyer at the McDonalds

09-1885 JKB   09-1886 JKB   09-1887 JKB   09-1888 JKB
Case 1:09-mj-01885-MJKB   Document 1   Filed 05/28/09   Page 5 of 7

located at Belair Road and White Avenue in Baltimore, approximately one third of a mile from Boyer's residence. Based on these intercepted telephone calls and text messages, agents set up surveillance in the area of Boyer's residence in order to monitor the meeting between Moore and Boyer. Thereafter, the agents observed Moore arrive at Boyer's residence and enter the residence. At that time, the agents executed a search warrant at the residence. As the agents entered the residence, the agents observed Boyer and Moore run out the back door of the residence and Boyer throw two bags containing white powder. Boyer and Moore were then arrested. The powder was recovered, field tested and weighed. It was determined to be 510 grams of cocaine powder, a Schedule II controlled substance. Agents also recovered a 12 gauge Mossberg shotgun and shotgun shells along with personal papers of Boyer in the middle bedroom of the residence. The agents then proceeded to the McDonalds at which time, they attempted to arrest Wellman. Wellman, in his vehicle, rammed the agents' vehicle in an attempt to escape. However, Wellman was subdued and arrested. Agents recovered approximately $23,000 in U.S. currency from Wellman's vehicle.

6. Based on the information obtained in the wiretaps along with the information obtained during the course of the arrests of Boyer, Moore and Wellman, agents obtained additional search and seizure warrants for the following locations: (1) Moore's residence - 7509 Stonecutter Court, Apartment D, Baltimore, Maryland 21237; (2) Wellman's residence - 233 Southeastern Court, Baltimore, Maryland 21221; and (3) Drake's residence - 2123 Annapolis Road, Baltimore, Maryland 21203.

7. At Moore's residence, agents recovered personal papers for Moore, $3000 in U.S. currency and white rock substance which was weighed and field tested as 98 grams of cocaine base, a Schedule II controlled substance. Agents were further advised by Shantelle Brown who was

3



present at the residence that Moore stays at this location and has a key to the location.

8. At Wellman's residence, agents recovered personal papers for Wellman, a bullet proof vest and a small quantity of marijuana.

9. The agents obtained the search warrant for the 2123 Annapolis Road location as the agents had observed Moore go to this location immediately prior to proceeding to Boyer's residence on May 27, 2009. At this location, the agents observed Drake in the living room. After being advised of his rights, Drake stated that he had a handgun in the closet of the second floor front bedroom. The agents then recovered a Smith & Wesson 38 Caliber handgun from the closet. The agents also recovered the following items: (1) from the closet of the second floor front bedroom - a plastic bag with white powder which was weighed and field tested as 509 grams cocaine, a Schedule II controlled substance; (2) from the second floor front bedroom - $8,800 U.S. currency; (3) from the living room - personal papers for Drake; (4) from the basement - a kilogram press and kilogram stamp; and (5) from the kitchen cabinet - 4 empty kilogram wrappers and two digital scales. Agents reviewed Drake's criminal history and determined that he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year.

## CONCLUSION

Based upon the information related above, your Affiant believes that there is probable cause to believe the following: (1) that on or about May 27, 2009, Wellman, Boyer, and Moore did conspire to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846; (2) that on or about May 27, 2009, Boyer, Moore, and Drake, did possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of

4

cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841; (3) that on or about May 27, 2009, Boyer and Drake did possess firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); (4) that on or about May 27, 2009, Drake, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did possess a firearm, in and affecting commerce, in violation of 18 U.S.C. § 922(g)(1); and (5) that on or about May 12, 2009, Wellman did distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

_____
Detective Ernest Moore

Sworn and subscribed before me this 28 day of May, 2009.

_____
James K. Bredar
United States Magistrate Judge